# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **A.C.**

**No. 25-530** (Cabell County CC-06-2024-JA-116)

## MEMORANDUM DECISION

Petitioner Mother A.S.-C.[1] appeals the Circuit Court of Cabell County's July 17, 2025, order terminating her parental rights to A.C., arguing that the court erred in terminating her post-adjudicatory improvement period and in terminating her rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The DHS filed an abuse and neglect petition in July 2024, alleging that the petitioner failed to provide for the child's basic needs, including stable housing, as the petitioner had recently been discharged from a homeless shelter due to her combative behavior. The DHS further alleged that the petitioner admitted to marijuana use and that the petitioner's mental health issues affected her parenting abilities. The DHS noted that Child Protective Services ("CPS") had attempted to implement several different safety plans, beginning in May 2023, to assist the petitioner with obtaining and maintaining stable housing and developing parenting and adult life skills.

At an adjudicatory hearing in February 2025, the petitioner stipulated that she had substance abuse issues and that her mental health issues impaired her parenting abilities. On this basis, the circuit court adjudicated the child as abused and neglected. The petitioner moved for and was granted a post-adjudicatory improvement period, the terms of which mirrored those of her case plan and required her to obtain suitable housing, submit to random drug screening, and participate in mental health treatment and parenting skills training.

At a review hearing in May 2025,[3] the petitioner testified that she had obtained suitable housing and claimed to be seeking mental health treatment. However, the petitioner admitted to

---

[1] The petitioner appears by counsel Kerry A. Nessel. The Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Andrew T. Waight. Counsel Kimberly E. McGann appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] The petitioner did not include a transcript of the May 2025 review hearing in the appendix on appeal. The following information was gleaned from the circuit court's subsequent order, entered on May 15, 2025.

testing positive for marijuana on several occasions and once for cocaine and acknowledged that she had not drug screened since April 23, 2025. The petitioner further admitted that her parenting skills provider stopped services in March 2025 after the petitioner engaged in a physical altercation with a sixteen-year-old neighbor during a session. Based on this testimony, the court found that the petitioner had not complied with her case plan's objectives and that it was in A.C.'s best interest to set the matter for disposition.

At a dispositional hearing in July 2025, the CPS worker testified to the petitioner's "very minimal" compliance and her failure to acknowledge that there were circumstances she needed to correct. The petitioner missed thirty-three drug screens, tested positive for substances (including marijuana, cocaine, and alcohol) on eleven occasions, and did not provide records to corroborate her claim that she was attending individual therapy. Further, the petitioner's supervised visitation with A.C. had ceased due to her behavior; specifically, "[s]he would scream and be very loud and cry a lot," which upset the child. The worker testified that she did not believe the petitioner could resolve the conditions of neglect "in the near future or even at all" and recommended termination. The worker also reported that the child was placed in specialized foster care due to his significant needs and developmental delays. The petitioner then testified that some of the CPS worker's statements were "bold face lie[s]" and denied that she had outbursts during supervised visits. The petitioner admitted to regularly smoking marijuana without a medical cannabis card, despite knowing this was prohibited, and stated that she was recently evicted from her apartment "because of . . . drama." The petitioner testified that she had participated in counseling "four or five times" since the case began and was not taking her prescribed antipsychotic medication. In closing, the petitioner's counsel requested that the court reinstate the petitioner's improvement period.

The circuit court noted from the bench that it had not observed any progress, improvement, or cooperation by the petitioner and was "very concerned about her mental health," especially since she was not taking her prescribed medication. The court also found that the petitioner admitted to using marijuana "whenever she want[ed] to;" did not have a home; and, given "her demeanor on the stand," appeared to "react[] violently . . . when [things] [did not] go her way." The court concluded that A.C. would be unsafe in the petitioner's care and that the child required stability. In a subsequent written order, the court outlined the testimony presented at disposition and found that there was no reasonable likelihood that the petitioner could correct the circumstances of neglect in the near future and that termination was in A.C.'s best interest. Accordingly, the court terminated the petitioner's parental rights to the child. The petitioner now appeals from this dispositional order.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's substantive rulings for abuse of discretion, factual findings are reviewed for clear error, and issues of law are reviewed de novo. Syl. Pt. 1, *In re K.S.*, -- W. Va. --, -- S.E.2d --, 2026 WL 1362143 (W. Va. May 15, 2026). The petitioner first asserts that the circuit court erred in terminating her post-adjudicatory improvement period, arguing that she had successfully completed some tasks and that the court should have permitted her to continue to correct her

---

[4] The court also terminated the father's parental rights to A.C. The child's permanency plan is adoption in the current placement.

shortcomings.[5] We disagree. West Virginia Code § 49-4-610(7) permits circuit courts to terminate an improvement period upon finding "that [the parent] has failed to fully participate." We have also explained that, as "[i]t is within [a] circuit court's discretion to grant an improvement period . . . [,] it is also within the court's discretion to terminate [an] improvement period . . . if the court is not satisfied that the [parent] is making the necessary progress." *See* Syl. Pt. 2, in part, *In re Lacey P.*, 189 W. Va. 580, 433 S.E.2d 518 (1993); *see also In re K.P.*, No. 25-225, 2026 WL 820882, at *2 (W. Va. March 24, 2026) (memorandum decision) (finding that a circuit court did not abuse its discretion in terminating a father's improvement period after he tested positive for substances and failed to participate in other services). Here, based upon the petitioner's testimony that she had failed several drug screens and that her aggressive behavior led to the cessation of parenting services, the circuit court found that she was noncompliant and, further, that it was in the child's best interest to proceed to disposition. Accordingly, the circuit court did not abuse its discretion in terminating the petitioner's improvement period.

The petitioner next asserts that the circuit court erred in terminating her parental rights. In order to terminate parental rights, a circuit court must find "that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is "necessary for the welfare of the child." *See* W. Va. Code § 49-4-604(c)(6); *see also* Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected") (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). Sufficient evidence supports the circuit court's finding that there was no reasonable likelihood that the petitioner could substantially correct the conditions of neglect. *See* W. Va. Code § 49-4-604(d) ("'No reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that . . . the abusing adult . . . ha[s] demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help."). According to the testimony presented at disposition, the petitioner's substance abuse continued throughout the proceedings and she failed to respond to or follow through with the services recommended in her case plan, especially those aimed at addressing her mental health. This is exemplified by the evidence of her minimal participation in therapy and failure to take her prescribed medication.

---

[5] The petitioner also argues that the circuit court erred by refusing to extend her improvement period. However, the petitioner cites to no portion of the appendix demonstrating that she moved for an extension below. *See* W. Va. R. App. P. 10(c)(7) (requiring the petitioner's brief to include "citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal"); s*ee also Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) ("'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999)."). Instead, her counsel merely asked that the court reinstate her post-adjudicatory improvement period, which had previously been terminated due to noncompliance. No authority permits a parent to move to reinstate an improvement period. *See In re J.M.*, No. 23-514, 2024 WL 3987680, at *2 (W. Va. Aug. 27, 2024) (memorandum decision) ("[W]e must stress that there is no authority for a motion to reinstate an improvement period.").

Accordingly, the court did not abuse its discretion in concluding that there was no reasonable likelihood the conditions of neglect could be substantially corrected in the near future. *See id.* § 604(d)(1), (3). The record also supports the court's finding that termination was necessary for A.C.'s welfare, especially given the child's young age and specialized needs. Circuit courts are permitted to terminate a parent's rights upon these findings. *See* W. Va. Code § 49-4-604(c)(6).

For the foregoing reasons, we find no error in the decision of the circuit court and its July 17, 2025, order is affirmed.

Affirmed.

**ISSUED:** June 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan